Hon. Richard A. Jones

IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE COURTHOUSE

| | |
|---|---|
| **ELISABETH REHN**, | CASE NO. 2:23-CV-01609-RAJ |
| **Plaintiff,** | **PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** |
| v. | |
| **CITY OF SEATTLE, a lawful municipal corporation in the State of Washington; RILEY CAULFIELD; YOUNGHUN KIM; SETH WAGNER; JOHN DUUS; AND JASON DRUMMOND,** | Noted: March 7, 2025<br>Oral Argument Requested |
| **Defendants.** | |

I.  INTRODUCTION

Plaintiff Elisabeth Rehn, through her counsel, Mo Hamoudi and Jay Krulewitch, respectfully moves this Court for an order imposing sanctions on the City of Seattle pursuant to Rule 37(e) of the Federal Rules of Civil Procedure for the spoliation of electronically stored information (ESI). Specifically, Plaintiff seeks sanctions for the City's wanton and wrongful destruction of 911 recordings directly related to the incident giving rise to this civil rights action.

Plaintiff has brought this lawsuit under 42 U.S.C. § 1983, alleging violations of her constitutional rights under the Fourth Amendment to the United States Constitution. The claims arise from an incident on November 22, 2020, during which four Seattle Police

PLF'S MOT FOR SPOILATION - 1

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

Department officers unlawfully entered Plaintiff's apartment without a warrant or legal justification. The officers forcibly broke down her door, pointed firearms at her, terrorized her, placed her in mortal fear for her safety, and unlawfully seized her. These actions constitute a violation of her right to be free from unreasonable searches and seizures.

The 911 recordings at issue are critical evidence in this case, as they pertain to the events leading up to and during the unlawful entry. Despite their importance, multiple officials or employees of the City of Seattle failed to properly archive and preserve these recordings. This failure constitutes spoliation of evidence under Rule 37(e), which governs the preservation of ESI. The selective preservation of such evidence, coupled with its significance to Plaintiff's claims, warrants the imposition of sanctions.

Plaintiff respectfully requests that this Court impose the following sanctions:

**Mandatory Jury Instruction:** An instruction requiring the jury to presume that the destroyed 911 recordings would have been unfavorable to the City of Seattle; or, in the alternative:

**Permissive Jury Instruction:** An instruction allowing the jury to infer that the destroyed 911 recordings would have been unfavorable to the City of Seattle.

The destruction of this evidence has prejudiced Plaintiff's ability to fully present her case and undermines the integrity of the judicial process. Accordingly, Plaintiff urges this Court to grant the requested relief to address the City's spoliation of evidence and ensure a fair trial.  As to the proposed instruction, if the Court grants the motion, Plaintiffs can propose an instruction for the Court's consideration.

PLF'S MOT FOR SPOILIATION - 2

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

II.     FACTUAL STATEMENT

**On November 22, 2020**, at approximately 1:30 p.m., four Seattle Police Department ("SPD") officers, namely Defendants Riley Caufield, Younghun Kim, Seth Wagner, and Jason Drummond, without a warrant forced entry into Plaintiff Elisabeth Rehn's apartment at 3016 1st Avenue, #404, in Seattle, Washington.[1] The officers, while responding to an incident involving individuals unrelated to Ms. Rehn and located in a different building, unlawfully broke down her door, entered her residence with firearms drawn, terrorized her by pointing firearms at her, and seized her without justification, all in violation of Ms. Rehn's constitutional rights under the Fourth Amendment to the U.S. Constitution.[2]

Ms. Rehn, who was preparing to take a bath and had only managed to cover herself with a large coat, was left in mortal fear for her life as the officers shouted commands and pointed weapons at her.[3]  Despite realizing they had entered the wrong apartment, the officers continued to search her home unnecessarily, leaving Ms. Rehn terrified and shaken.[4] The police officers failed to contact a social worker to assist Ms. Rehn, who was visibly sobbing and shaking immediately after the incident, as she stood speaking with one of the officers in the hallway near her apartment.[5]

---

[1] Dkt #4 at p. 3; ***Exhibit One,*** Krulewitch Declaration for Motion for Spoliation of Evidence at p. 3("Krulewitch Decl.").
[2] Dkt #4 at pp. 3-4; ***Exhibit One,*** Krulewitch Decl., Plaintiff's Amended Complaint for Personal Injuries and Damages, at pp. 3-4); see also ***Exhibit Two*** , Krulewitch Decl (Exhibit 32 at 1:42 – 8:01); ***Exhibit Three,*** Krulewitch Decl (Exhibit 33 at 00:44 – 6:20; ***Exhibit Four,*** Krulewitch Decl (Exhibit 34 at 1:00 – 7:01); and ***Exhibit Five,*** Krulewitch Decl (Exhibit 35 at 0:00 – 3:30).
[3] Dkt #4 at p. 3; ***Exhibit One***, Krulewitch Decl., Plaintiff's Amended Complaint for Personal Injuries and Damages, at p. 3.
[4] See ***Exhibit Two***, Krulewitch Decl., ***Exhibit Two,*** Krulewitch Decl (Exhibit 32 at 5:53 – 7:27); and ***Exhibit Three,*** Krulewitch Decl (Exhibit 33 at 4:40 – 5:42).
[5] Id.

PLF'S MOT FOR SPOILIATION - 3

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

It is alleged that the officers unlawfully entered Ms. Rehn's home without a warrant or valid justification under any exception to the warrant requirement.[6] It is alleged that their actions, including the manner of entry and use of force, were unjustified and unreasonable, causing Ms. Rehn to suffer severe emotional distress, fear for her safety, invasion of privacy, and other significant harm.[7]

**On November 22, 2020**, the very day of the incident, Sergeant Dain Jones of SPD sent an email to Lieutenant Martin Rivera, informing him that the incident involving Ms. Rehn would "probably result in a civil claim against the City."[8] **On November 24, 2020**, Lt, Rivera forwarded this note from Sgt. Dain Jones to Captain Matthew Allen.[9]

On the same date, Captain Allen separately responded to Lieutenant Rivera via an email with the following subject line: "Re: 20-326202: officers forced door of wrong residence," in which he asked Lt. Rivera to pass along his thanks to Sgt. Jones for spending time with "the lady in the wrong apartment and the property manager . . . [and] providing them with the phone number to the City Claims Department."[10]

**On January 12, 2021**, Ms. Rehn, through her legal counsel, submitted a public records request and preservation of evidence request to the City, seeking all records related to this incident. She requested that the City preserve all such records, specifically including "911 recording" evidence, and offered to cover the costs of preservation and production.[11]

---

[6] See Dkt #4 at p. 3; *Exhibit One*, Krulewitch Decl., Plaintiff's Amended Complaint, pp. 3-4.
[7] See Dkt #4 at p. 3; *Exhibit One*, Krulewitch Decl., Plaintiff's Amended Complaint, pp. 3-4).
[8] *Exhibit Six,* Krulewitch Decl (Tara Collings Ex 25).
[9] *Exhibit Seven,* Krulewitch Decl (Tara Collings Ex 24).
[10] *Exhibit Eight,* Krulewitch Decl (Tara Collings Ex 6).
[11] *Exhibit Nine,* Krulewitch Decl (Tara Collings Ex 3).

PLF'S MOT FOR SPOILIATION - 4

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

1    The request outlined the consequences of failing to preserve the records and was

2    copied to the Seattle Police Department Chief Diaz, Captain Allen, and Sergeant Dain Jones:

> *Your failure to preserve this evidence may lead to sanctions in the event that my client, Elisabeth Rehn, does bring a lawsuit against the City of Seattle and/or Seattle Police Department as a result of injuries she suffered in a November 22, 2020 incident.* Just so we are being clear, we are requesting that you exercise due diligence and ordinary care in the proper preservation of any and all such evidence that pertains and/or is materially relevant to the above-described incident.[12]

The SPD Legal Section acknowledged that it received Plaintiff's Public Records Request and Preservation of Evidence Request on January 20, 2021.[13]

**On January 20, 2021**, Captain Allen forwarded the **January 12, 2021**, letter to the records unit, including Katelyn Berger, stating: "Yesterday, I received the attached letter from an attorney. I trust your team will respond to his request."[14]

On **August 16, 2021**, the SPD Legal Section responded to the attorney's request in part as follows: "If there were 911 and radio dispatch recordings responsive to your they were not preserved and so cannot be produced in response to your request. The facts here indicate that you sent you request by letter, dated **January 12, 2021**, which was received by SPD on **January 20, 2021**, day 60 of the 90-day retention period for 911 call and radio dispatch recordings."[15]

On **August 16, 2021**, in response to the Plaintiff's Public Disclosure Request, the City of Seattle provided numerous video recordings, including body-worn camera footage, dash

---

[12] See id. (emphasis added).
[13] ***Exhibit Ten,*** Krulewitch Decl (Tara Collings Ex 28).
[14] ***Exhibit Eleven,*** Krulewitch Decl (Tara Collings Ex 10)
[15] ***Exhibit Twelve,*** Krulewitch Decl (Tara Collings Ex 29) and ***Exhibit Ten,*** Krulewitch Decl (Tara Collings Ex. 28).

PLF'S MOT FOR SPOILIATION - 5

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

cam videos, and other related recordings but failed to provide the 911 Recordings from the incident on this case.[16] This Public Disclosure Records Response from the SPD Legal Section also included a redacted copy of the incident report and the CAD for this incident, but did not include any 911 Recordings.[17]

The city has never explained how it "selectively preserved" some electronically stored information ("ESI") in the form of body worn videos, dash cam videos, and other videos, but none of the 911 or dispatch recordings upon which the CAD was allegedly based.

Tara Collings, the current manager for the SPD Legal Section and a 30(b)(6) deponent for the City of Seattle, testified that the SPD legal section received the request on **January 20, 2021**, and described the circumstances leading to the destruction of the 911 call and radio dispatch records.[18]

She testified that it included a preservation notice and was physically date-stamped and entered into the GovQA system by administrative staff assistant Donna Columbo. She testified that the preservation notice component of the request was then forwarded to Katelyn Berger, the legal section manager, for further processing.[19] She further testified that Katelyn Berger, the legal section manager, was responsible for entering the preservation request into the legal request side of the GovQA system and assigning it to the litigation team for processing but failed to enter it into their system.[20]

---

[16] **Exhibit Thirteen,** Krulewitch Decl, Records Provided by City of Seattle on 210816 in Response to Plaintiff's Public Records Request.
[17] **Exhibit Fourteen,** Krulewitch Decl, a copy of the CAD **(**Tara Collings Ex 7), **and Exhibit Fifteen,** Krulewitch Decl, a copy of the redacted Incident Report (Tara Collings Ex 27)**.**
[18] **Exhibit Sixteen,** Krulewitch Decl, Tara Collins Dep. 18:21-39.17.
[19] See id. Tara Collings Dep at 20:25-27:10.
[20] See id., Tara Collings Dep at 33:7-39:17.

PLF'S MOT FOR SPOILIATION - 6

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

She testified that neither she nor any of the approximately eight other staff members took action to enter the preservation request.[21] She testified separately, the 911 recordings and radio dispatch were not preserved because, independent of the request to preserve, Elizabeth Mash, a public disclosure staff person, failed to pull the 911 recordings for preservation even though these 911 recordings were subject to a public records request.[22]

She testified that the failure to preserve was in violation of the Secretary of State's 90-day retention policies which mandated preservation when a request was made as to the 911 call and radio dispatch records.[23]

Ms. Collings further admitted that the City of Seattle was on notice that this incident could result in a civil claim against the city in a possible lawsuit prior to the 911 recordings and radio dispatch being destroyed.[24]

On **October 19, 2023**, Ms. Rehn filed a complaint for damages against the individual officers and the City of Seattle, seeking redress for the injuries she suffered, including psychological harm, she suffered as a result of the wrongful, warrantless, and unjustified actions of the defendant officers who violently broke down her door, breached her residence, terrorized her with weapons drawn and pointed at her, unlawfully searching her residence, and seizing her in the process.[25]

---

[21] See id., Tara Collings Dep at 19:1-5.
[22] See id., Tara Collings Dep at 33:7-39:17.
[23] See id., Tara Collings Dep at 31:3-34:3.
[24] See id., Tara Collings Dep at 40:11-43:2. 19:1-5
[25] See Dkt #1, Plaintiff's Complaint for Personal Injuries and Damages; **Exhibit Seventeen,** Krulewitch Decl.)

PLF'S MOT FOR SPOILIATION - 7

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

Each of the Defendant officers testified that they did not confirm that they were going to the correct building and the right apartment.[26]

They admitted that they went to the wrong building and broke down the door to Mr. Rehn's apartment, entering the apartment, searching the apartment, and seizing her to move her into the hallway, all without a search warrant or an arrest warrant.[27]  In essence, they admitted that they went to the wrong building, the wrong apartment in this incident.[28]

### III.     LEGAL ARGUMENT

#### A.     Applicable law.

A district court may sanction a party for destroying electronically stored evidence ("ESI") under Rule 37(e) as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1)     upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2)     only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

---

[26] **Exhibit Eighteen,** Krulewitch Decl, Wagner Dep 12:1-22:9; **Exhibit Nineteen,** Krulewitch Decl, Caulfield Dep 13:25-14:23, 22:21-24:23; **Exhibit Twenty,** Krulewitch Decl, Kim Dep 35:2-39:12, 49:6-21, 102:17-105:3; **Exhibit Twenty One,** Krulewitch Decl, Drummond Dep 14:12-18:20, 45:25-46:15.

[27] See **Exhibit Eighteen,** Krulewitch Decl, Wagner Dep 25;1-26:3, 44:7-48:13; **Exhibit Nineteen,** Krulewitch Decl, Caulfield Dep 29:24-34:2, 39:2-40:4; **Exhibit Twenty,** Krulewitch Decl, Kim Dep Excerpts 41:21-42:2, 54:13-55:17; **Exhibit Twenty One,** Krulewitch Decl, Drummond Dep 15:5-6.

[28] See id.

PLF'S MOT FOR SPOILIATION - 8

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

(C) dismiss the action or enter a default judgment.

See FRCP 37(e).

In *Jones v. Riot Hosp. Grp. LLC*, the Court recently interpreted Rule 37(e).  *Id.,* 95 F.4th 730, 734-735 (9th Cir. 2024).

Under **Rule 37(e)(1)**, when electronically stored information (ESI) that should have been preserved in anticipation of or during litigation is lost due to a party's failure to take reasonable steps to preserve it, and the information cannot be restored or replaced through additional discovery, the court may impose measures to address the resulting prejudice. *Id.* These measures, however, must be no greater than necessary to cure the prejudice caused by the loss of the ESI. *Id.*

In contrast, **Rule 37(e)(2)** applies when the court finds that the party responsible for the loss of ESI acted with the intent to deprive another party of the information's use in litigation. *Id.* In such cases, the court is authorized to impose more severe sanctions, including adverse inference jury instructions, dismissal of the case, or entry of a default judgment. *Id.*  This provision reflects the heightened culpability required for imposing the most severe remedies, i.e. "intent to deprive." *Id.*

As to intent, "[b]ecause intent can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent," to deprive, circumstances that include: the timing of destruction, affirmative steps taken to delete evidence, and selective preservation.  *Jones* at 735.

Before the *Jones* decision, district courts in both the Eastern and Western Districts of Washington utilized the circumstantial evidence approach to address Rule 37(e)(2) issues concerning electronically stored information (ESI).  In *Estate of Hill v. Naph Care, Inc.*, No. 20-

PLF'S MOT FOR SPOILIATION - 9

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

cv-00410, 2022 WL 1464830, the Honorable Mary K. Dimke defaulted Spokane County because she found that the County spoiled six hours of relevant jail surveillance video with the intent to deprive. *Estate of Hill v. Naph Care, Inc.*, No. 20-cv-00410, 2022 WL 1464830 (E.D. Wash. May 9, 2022). In *Estate of Hill,* Judge Dimke found Spokane County acted with the intent to deprive focusing on the following circumstantial evidence:

- Spokane County could not identify the individual responsible for the decision to destroy the video footage from 9:15 a.m. to 4:00 p.m., the most relevant portion, while preserving less relevant footage.

- The missing footage would have shown whether corrections officers and Nurse Gubitz checked on Ms. Hill as alleged, making it critical to the claims.

- Lieutenant Hooper testified that standard procedure required preserving all video related to Ms. Hill's confinement, and anyone would have recognized the importance of retaining such evidence.

*Id.* at *9-10.

In *Bungie, Inc. v. AimJunkies.com*, the Honorable Thomas S. Zilly, issued a permissive instruction because two defendants failed to preserve ESI evidence. *Bungie, Inc. v. AimJunkies.com*, No. C21-0811TSZ, 2023 WL 7184427 (W.D. Wash. Nov. 1, 2023). In *Bungie,* Judge Zilly found Defendants acted with the intent to deprive focusing on the following circumstantial evidence:

- The Phoenix Digital defendants preserved some evidence while intentionally deleting other critical evidence, such as the Cheat Software, Bitcoin wallets, and marketing images, after receiving Plaintiff's cease-and-desist letter. This selective preservation, without a credible explanation, supported an inference of intent to deprive.

- The defendants took no steps to modify the AimJunkies.com automatic content deletion protocol or otherwise preserve relevant evidence, even after being explicitly warned in the cease-and desist letter to maintain such evidence.

PLF'S MOT FOR SPOILIATION - 10

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

*Id.* at *2-7.

Other districts apply similar but slightly different approaches in finding circumstantial evidence of intent to deprive. For example, in *Fast v. GoDaddy.com LLC,* the district court focused on the (1) relevance of the ESI evidence and (2) the spoiling party's "clear consciousness" that the ESI evidence could be useful to an opposing party. *Id.*, 340 F.R.D. 326, 334 (D. Ariz. 2022).

In *Crema v. Las Vegas Metro. Police Dep't*, the district court a police department acted with the intent to deprive when it deleted body cam video because (1) numerous individuals had opportunity to designate the body cams for retention and failed to do so; and (2) failure to preserve violated internal policy. *Id.,* Case No. 2:17-CV-01535-RFB-VCF, 2023 WL 6262556, at *5-6 (D. Nev. Sept. 25, 2023).

In, *Gelazela v. Santa Ana Police Dep't, No*., the magistrate judge found that you are entitled to either a mandatory or permissive jury instruction under Rule 37(e)(1). *Id.,* SACV 21-1126-HDV (DFM), 2024 WL 1136338, at *2 (C.D. Cal. Feb. 16, 2024). The magistrate judge held: even if Plaintiff is unable to establish "intent to deprive" under Rule 37(e)(2), the district court retains the authority to issue a mandatory or permissive jury instruction under Rule 37(e)(1) when the lost evidence is "the best evidence" of . *Id.*

**B. The Court should impose mandatory instruction under the circumstances**

A **mandatory adverse inference instruction** is necessary in this case because the destruction of the 911 recordings and radio dispatch records has caused significant prejudice to Ms. Rehn's ability to litigate her Fourth Amendment claims.

PLF'S MOT FOR SPOILATION - 11

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

The 911 recordings were central to the justification for the officers' actions. The officers claim they were responding to a 911 call that directed them to Ms. Rehn's apartment. Without the recordings, Ms. Rehn cannot challenge the accuracy of the CAD report, which is hearsay and allegedly based on the destroyed recordings. This deprives her of the ability to test whether the officers' actions were based on exigent circumstances or whether the dispatch information was erroneous.

The loss of the recordings has left Ms. Rehn unable to examine the content of the 911 calls, including the language used, the urgency conveyed, and whether the calls justified the officers' actions. This evidence is critical to her Fourth Amendment claims, as it directly relates to whether the officers had a valid basis for their warrantless entry and use of force.

The City of Seattle was on notice of potential litigation as early as November 22, 2020, when Sergeant Dain Jones informed Lieutenant Rivera that the incident would likely result in a civil claim. Despite this, the City failed to preserve the 911 recordings, even after receiving a formal preservation request on January 12, 2021. Testimony from Tara Collings confirms that multiple individuals in the SPD Legal Section had the opportunity to preserve the recordings but failed to do so.

The destroyed 911 recordings cannot be restored or replaced through additional discovery. The CAD report, which is based on the recordings, is insufficient because it is hearsay and does not provide the same level of detail or reliability as the original recordings.

The City's selective preservation of other ESI, such as body-worn camera footage and dash cam videos, while failing to preserve the 911 recordings, suggests an intent to deprive. This selective preservation, combined with the City's knowledge of the importance of the recordings, supports a finding of intent under Rule 37(e)(2).

PLF'S MOT FOR SPOILIATION - 12

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

**C. Alternatively, the Court should impose permissive instruction.**

Alternatively, a **permissive adverse inference instruction** is appropriate if the court finds insufficient evidence of intent to deprive but determines that the loss of the 911 recordings caused prejudice to Ms. Rehn.

The destruction of the 911 recordings has prejudiced Ms. Rehn by depriving her of critical evidence needed to challenge the officers' justification for their actions. The recordings were essential to understanding the nature of the dispatch call and whether it supported the officers' claim of exigent circumstances.

The City failed to take reasonable steps to preserve the recordings despite being on notice of potential litigation. The preservation request was received on January 20, 2021, within the 90-day retention period for 911 recordings, yet no action was taken to ensure their preservation.

Testimony from Tara Collings indicates that the failure to preserve the recordings was due to negligence by multiple individuals in the SPD Legal Section. This lack of action, combined with the City's failure to follow its own retention policies, demonstrates a failure to meet the standard of reasonable care.

The City preserved other ESI, such as body-worn camera footage and dash cam videos, but failed to preserve the 911 recordings. While this may not conclusively establish intent to deprive, it raises questions about the City's handling of evidence and supports afinding of negligence.

**III.   CONCLUSION**

A **mandatory instruction** is justified if the court finds that the City acted with the intent to deprive Ms. Rehn of the use of the 911 recordings in litigation. The circumstantial evidence, including the timing of the destruction and the selective preservation of other ESI, supports such

PLF'S MOT FOR SPOILIATION - 13

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

a finding. Alternatively, **permissive instruction** is appropriate if the court finds that the City's actions were negligent but not intentional, as the loss of the recordings has caused significant prejudice to Ms. Rehn's case.

DATED 18th day of February, 2025.

> By *s/Mo Hamoudi*
> Mohammad Hamoudi, WSBA No. 48512
> Attorney for Plaintiff Elisabeth Rehn
>
> By *s/Jay H. Krulewitch*
> Jay H. Krulewitch, WSBA No.17612
> Attorney for Plaintiff Elisabeth Rehn

**PLF'S MOT FOR SPOILIATION - 14**

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794

## CERTIFICATE OF SERVICE AND WORD COUNT

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email on this 18th day of February, 2025 to:

Alexandra Nica
Catherine E. Riedo
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 684-8200
E-mail: Alexandra.Nica@seattle.gov
E-mail: Catherine.Riedo@seattle.gov

I HEREBY CERTIFY that this motion has 3,591 words.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 18th day of February, 2025.

s/Jay H. Krulewitch
Jay H. Krulewitch, Attorney at Law

PLF'S MOT FOR SPOILIATION - 15

Jay H. Krulewitch
Attorney at Law
P.O. Box 33546
Seattle, WA 98133
Phone: (206) 233-0828
Fax: (206) 628-0794