Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELISABETH REHN, an individual,<br><br>                      Plaintiff,<br><br>vs.<br><br>CITY OF SEATTLE, a lawful municipal corporation in the State of Washington; RILEY CAULFIELD; YOUNGHUN KIM; SETH WAGNER; JOHN DUUS; AND JASON DRUMMOND,<br><br>                      Defendants. | No.   2:23-cv-01609-RAJ<br><br>**CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE** |

## I.   INTRODUCTION

The general facts in this case are simple. On November 22, 2020, Seattle Police Department (SPD) officers responded to a crisis call at an apartment building in Seattle. The first officers on scene mistakenly entered the incorrect building. Once there, they went to Plaintiff's unit, knocked and announced themselves, and entered the unit based on their belief that persons inside the unit were in immediate danger.

The issues presented in this case are similarly unambiguous. Plaintiff alleges violations of the Fourth Amendment for unconstitutional search and seizure, as well as a state law claim of negligence.

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 1
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Specifically, Plaintiff alleges that officers unlawfully entered her unit and seized her without justification. (Dkt. #4, ¶ 3.1). Plaintiff's current motion does not, however, have any bearing on these claims or to the City's defenses: it deals with the recording of the 911 calls that gave rise to the crisis response. The 911 audio is irrelevant to the inquiry of whether officers' actions were objectively reasonable. The 911 audio was not accessed by the officers before taking action in this case. The City does not dispute that officers had access to the correct address via others sources, but entered the incorrect building.

## II. STATEMENT OF FACTS

The 911 audio at issue here was automatically destroyed pursuant to the 90-day retention schedule (Declaration of Catherine E. Riedo ("Riedo Decl."), Ex. A Collings Dep. 51:22-25) after an employee failed to enter the request into the system (Riedo Decl., Ex. A Collings Dep 22:15-17). The preservation request from Plaintiff was timely received. (Riedo Decl., Ex. A Collings Dep. 48:24-49:3). SPD informed Plaintiff that the audio recordings were not preserved and therefore could not be produced. (Riedo Decl., Ex. A Collings Dep. 48:21-25).

Here, the only record at issue is the 911 audio recording. Dkt. #24. The 911 audio recording was not intentionally deleted. (Riedo Decl., Ex. A Collings Dep 51:22-25). While the 911 audio was not preserved, the information contained within the 911 audio exists in other records. The Computer Aided Dispatch (CAD) log from the 911 calls and transcript from the Mobile Data Terminal (MDT) were provided in discovery. (Riedo Decl. ¶6). The information contained in the CAD is based on the 911 audio. (Declaration of Cheryl Kiefer ("Kiefer Decl."), ¶4-5). Officers can view the CAD log on their MDT. (Declaration of Pepper Bojang-Jackson ("Bojang-Jackson Decl."), ¶4).

Officers did not hear the 911 call audio. (Riedo Decl., Ex. B Officer Wagner Dep. 52:6; Riedo Decl., Ex. C Officer Drummond Dep. 18:13-19:7). Officers viewed information on their Mobile Data

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 2
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Terminal (MDT) inside their vehicle. (Riedo Decl., Ex. B Officer Wagner Dep. 9:14-25; 40:6-16). The CAD log provides the address that officers were dispatched to. (Riedo Decl. Ex. D). The officers had access to the CAD log. (Riedo Decl., Ex. B Officer Wagner Dep. 44:7-16). The City does not dispute that the officers entered the incorrect building. *Id.*

### III.  AUTHORITY & ARGUMENT

**A. Spoliation did not occur.**

Plaintiff must establish that spoliation has occurred before the Court can consider whether sanctions are appropriate. Fed. R. Civ. P. 37(e). First, the electronically stored information (ESI) "should have been preserved in anticipation or conduct of litigation." *Id.* Second, the ESI must be "lost because a party failed to take reasonable steps to preserve it." *Id.* Finally, the ESI cannot be restored or replaced through additional discovery. *Id.* The Court may impose sanctions only if all three criteria are met. Plaintiff has not made this threshold showing because the 911 audio has been replaced through other discovery.

First, the City does not dispute that Plaintiff made a timely preservation request. (Riedo Decl., Ex. A Collings Dep. 48:24-49:3). Second, the City does not dispute that an employee failed to enter the request into the system (Riedo Decl., Ex. A Collings Dep 22:15-17). However, the third prong is not met because the 911 audio has been replaced through other discovery, and therefore sanctions are not warranted. *Belew-Nyquist v. Quincy Sch. Dist. No. 144*, 2020 WL 6845934, at *11 (E.D. Wa. Nov. 20, 2020) (finding that additional discovery could restore or replace the ESI because the information in communications sought by the plaintiff was available from other sources).   ESI is not irreplaceable if it is "largely duplicative of evidence already in the record." *Sanchez v. Jiles*, 2012 WL 13005996, at *14 (C.D. Cal. Jun. 14, 2012) ("[A]vailability of other sources or types of evidence, in addition to the despoiled evidence, may be considered … in determining if a sanction is warranted.").

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 3
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

The information contained in the 911 call that is relevant to Plaintiff's claims is contained within the CAD and was accessible to officers via the MDT. (Riedo Decl., Ex. B Bojang-Jackson Decl, ¶4-5). The City does not dispute that officers were provided the correct address via the CAD information displayed on their MDTs. The City does not dispute that the officers who responded to Plaintiff's apartment responded to the incorrect address. The information that officers had when responding to the call has been preserved in its entirety; officers never heard the 911 audio. Plaintiff fails to establish that spoliation occurred and this Court should deny Plaintiff's motion on that basis.

However, even if the Court found that spoliation occurred, sanctions are not warranted under Rule 37(e)(1) or (2). The Court has discretion to impose sanctions; they are not mandatory under Rule 37(e). There is no prejudice to Plaintiff nor did the City intentionally deprive Plaintiff of information. This Court should deny Plaintiff's motion for sanctions.

**B. Sanctions are not appropriate even if spoliation occurred.**

　　**1. There is no prejudice to Plaintiff.**

If the court finds that spoliation occurred and that the loss is prejudicial, it "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). A party is prejudiced when the spoliating party's actions hinder the opposing party's ability to go to trial or threaten to "interfere with the rightful decision of the case." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 995, 959-960 (9th Cir. 2006) (citation omitted) (finding prejudice where the plaintiff deleted thousands of files from his work laptop during the pendency of litigation because the files would be relevant to defenses in the lawsuit alleging employment-related claims, thereby threatening the rightful decision in the case). Spoliation may interfere with the rightful decision in a case when the party is forced to "rely on incomplete and spotty evidence." *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 354 (9th Cir. 1995) (finding prejudice after the defendant intentionally

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 4
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

concealed documents for years and then produced only partial records); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 507 (C.D. Cal. 2022) (finding prejudice where there was no way to recreate ESI after individuals traded in their cell phones and thus deprived the plaintiff of the opportunity to present evidence that could be the only documented evidence of the conspiracy).

In a case cited by Plaintiff, *Fast v. GoDaddy.com LLC*, the plaintiff "testified that she did not preserve posts relating to her emotional condition, her medical condition, and her job and termination from GoDaddy, all of which likely would have been relevant in this case." 340 F.R.D. 326, 339 (D. Ariz. 2022). This information was directly relevant to the plaintiff's claim of retaliatory firing following medical leave. *Id.* at 334. The court found that the defendants were prejudiced by the plaintiff's deletion of information and authorized sanctions under Rule 37(e)(1). *Id.* at 339.

Here, the 911 audio is not directly relevant to Plaintiff's claims. *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 334 (D. Ariz. 2022). Plaintiff is not trying to "piece together the facts surrounding the events at issue in this case." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 508 (C.D. Cal. 2022). The contents of the 911 call are preserved in the CAD log. (Kiefer Decl., ¶4-5). The City was forthcoming about the deleted 911 audio. (Riedo Decl., Ex. A Collings Dep. 48:21-25). Plaintiff is not prejudiced by the accidental deletion of the 911 audio. Nothing in the audio call is necessary to support Plaintiff's claims. The Court should not impose sanctions under Rule 37(e)(1).

**2. The City did not act with intent to deprive.**

Loss of the 911 call was not intentional and therefore sanctions under Rule 37(e)(2) are not warranted. Rule 37(e)(2) is a separate analysis that does not include prejudice. Instead, it requires a showing of 'intent to deprive.' Rule 37(e)(2). Only upon making that finding may the Court impose a mandatory or permissive jury instruction. Rule 37(e)(2)(B).

As the committee notes to Rule 37(e) observed, "[t]he remedy should fit the wrong, and the

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 5
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

severe measures authorized by [Rule 37(e)(2)] should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss." Fed. R. Civ. P. 37(e), advisory committee notes to 2015 amendment. Adverse-inference instructions may only be predicated on a finding of "intent to deprive" and not negligence or gross negligence. *See* Fed. R. Civ. P. 37(e) (advisory committee's note to 2015 amendment).

"Intent" is not defined within Rule 37 and the courts look to whether it can be shown or inferred that "a party purposefully destroyed evidence to avoid its litigation obligations." *Martinez v. Equinox Holdings, Inc.*, 2021 WL 6882152, at *3 (C.D. Cal. Oct. 22, 2021); *Gault v. United States*, 2022 WL 4292340, at *7 (C.D. Cal. Aug. 23, 2022) ("While 'there need not be a 'smoking gun' to prove intent…there must be evidence of 'a serious and specific sort of culpability' regarding the loss of the relevant ESI."). The court in *RG Abrams Ins. v. L. Offs. of C.R. Abrams* found that sanctions were warranted under Rule 37(e)(2) where the defendants refused to produce text messages even after a court order, failed to produce phones for inspection, and the "suspect circumstances and timing" of trading in cell phones. 342 F.R.D. 461, 508 (C.D. Cal. 2022). In contrast, the court in *Meta Platforms, Inc. v. BrandTotal Ltd* found that a failure to halt the automatic deletion process of relevant records was not intentional where the movant had not shown intent to be "the most likely explanation" when negligence was equally probable. 20-7182, 605 F. Supp. 3d 218, 1237-39 (N.D. Cal. 2022).

The 911 audio recording was not intentionally destroyed and sanctions under Rule 37(e)(2) are not warranted. The City did not intentionally delete the 911 audio. (Riedo Decl., Ex. A Collings Dep 51:22-25). Unlike the cases cited by Plaintiff where sanctions were imposed, the City did not willfully destroy evidence. *See Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024); *Est. of Hill by & through Grube v. NaphCare, Inc.*, No. 2:20-CV-00410-MKD, 2022 WL 1464830 at *11,

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 6
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

12 (E.D. Wash. May 9, 2022); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 334 (D. Ariz. 2022). The City did not make the "conscious choice" to preserve only a segment of the evidence. *See Est. of Hill by & through Grube v. NaphCare, Inc.*, No. 2:20-CV-00410-MKD, 2022 WL 1464830 at *4, 5 (E.D. Wash. May 9, 2022). The City did not deliberately choose not to preserve information after multiple people reviewed it and had the opportunity to change the retention period. *Crema v. Las Vegas Metro. Police Dep't*, No. 217CV01535RFBVCF, 2023 WL 6262556 at *7 (D. Nev. Sept. 25, 2023). The City was not evasive or deceptive about the loss of information. *Bungie, Inc. v. AimJunkies.com*, No. C21-0811 TSZ, 2023 WL 7184427 at *8 (W.D. Wash. Nov. 1, 2023). The City has provided a credible explanation of why and how the 911 audio was deleted. The severe measures authorized by Rule 37(e)(2) should not be imposed.

## IV.   CONCLUSION

Plaintiff cannot meet the threshold elements to establish that spoliation occurred. Even if the Court finds that spoliation occurred, there is no prejudice to Plaintiff nor did the City intentionally deprive Plaintiff of information. For the foregoing reasons, the City respectfully requests that this Court deny Plaintiff's motion in its entirety.

## CERTIFICATE OF COMPLIANCE

I certify that this response contains <u>2,007</u> words in compliance with the Local Civil Rules of the King County Superior Court as amended September 1, 2024.

//

//

//

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 7
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

DATED this 5th day of March, 2025.

>ANN DAVISON
>Seattle City Attorney
>
>By: */s/ Catherine E. Riedo*
>  Catherine E. Riedo, WSBA #50418
>  Alexandra Nica, WSBA #58299
>  Assistant City Attorney
>
>  E-mail: Catherine.Riedo@seattle.gov
>  E-mail: Alexandra.Nica@seattle.gov
>
>  Seattle City Attorney's Office
>  701 Fifth Avenue, Suite 2050
>  Seattle, WA 98104
>  Phone: (206) 684-8200
>
>  *Attorney for Defendants City of Seattle, Riley Caulfield; Younghun Kim; Seth Wagner; John Duus; and Jason Drummond*

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 8
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jay H. Krulewitch<br>P.O. Box 33546<br>Seattle, WA 98133<br><br>*[Attorney for Plaintiff]* | (X)  CM/ECF:<br>jay@krulewitchlaw.com<br>natalie@krulewitchlaw.com |
| Mohammad "Mo" Hamoudi<br>Stritmatter Kessler Koehler Moore<br>3600 15th Avenue West, Suite 300<br>Seattle, WA 98119<br><br>*[Attorney for Plaintiff]* | (X)  CM/ECF:<br>mo@stritmatter.com |

 */s/ Laura Sanabria*
 Laura Sanabria, Legal Assistant

CITY'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 9
(2:23-cv-01609-RAJ)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200