HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH REHN,

                      Plaintiff,

            v.

CITY OF SEATTLE, lawful
municipal corporation in the State of
Washington; RILEY CAULFIELD;
YOUNGHUN KIM; SETH
WAGNER; JOHN DUUS; AND
JASON DRUMMOND,

                      Defendants.

Case No.  3:23-cv-01609-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions for Spoilation of Evidence ("Plaintiff's Motion" or "the Motion").  Dkt. # 24.  Defendant City of Seattle opposes.  Dkt. # 29.  Plaintiff requests oral argument, but the Court does not find it necessary.  The Court has reviewed the motions, the materials filed in support of the motions, the balance of the record, and the governing law.  For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion.  Dkt. # 24.

## II.    BACKGROUND

The claims in this lawsuit arise from an incident on November 22, 2020, where four Seattle Police Department officers entered Plaintiff Elizabeth Rehn's apartment absent a legal justification. *See* Dkt. # 4 ¶¶ 3.1–3.3.    The officers entered the wrong residence, Plaintiff's apartment, where they forcibly broke down her door, pointed firearms at her, searched her apartment, and seized her. *See id*.    The officers entered Plaintiff's apartment based on the mistake that they believed "persons inside the unit were in immediate danger." Dkt. # 33 at 1.    On October 19, 2023, Ms. Rehn filed this case in federal court.    Dkt. # 1.    In this lawsuit, Ms. Rehn asserts negligence and § 1983 claims against Defendants stemming from the unlawful search of her home and seizure of her person. *See generally* Dkt. # 4.

On January 12, 2021, prior to the litigation and several weeks after the incident, Ms. Rehn's legal counsel, submitted a public records request and preservation of evidence request to the City. *See* Dkt. # 24 at 4 (citing Dkt. # 24-9).    In these requests, counsel sought all records, including "911 recording" evidence, related to this incident. *Id*.    During discovery, Plaintiff requested the 911 calls and radio dispatch recordings that purportedly predicated the emergent need for officers to enter and search her apartment. *See* Dkt. # 24 at 7; *see also* Dkt. # 24-16.    Defendant City of Seattle (the "City") asserts these recordings were destroyed pursuant to a retention policy because an employee failed to enter Plaintiff's request into the system. *See* Dkt. # 29 at 2 (citing Dkt. # 30-1).

Plaintiff now asks the Court to impose sanctions on the City pursuant to Federal Rule of Civil Procedure 37(e) ("Rule 37(e)") for the spoilation of this electronically stored information ("ESI").    Dkt. # 24 at 1.    To remedy the loss of evidence, Plaintiff asks the Court to sanction the City by imposing an adverse jury instruction at trial.    Dkt. # 24 at 2.

### III.    LEGAL STANDARD

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence, in pending or reasonably foreseeable litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002); s*ee also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" (quoting *Kitsap Physicians Serv.*, 314 F.3d at 1001)). "Federal law governs the imposition of spoliation sanctions as 'spoliation constitutes an evidentiary matter.'" *Estate of Hill v. NaphCare, Inc.*, No. 20-cv-00410, 2022 WL 1464830, at *9 (E.D. Wash. May 9, 2022) (quoting *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 319 F.R.D. 730, 739 (N.D. Ala. 2017)). "In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. 06-cv-3359, 2009 WL 1949124, at *10 (N.D. Cal. July 2, 2009) (citation omitted).

### IV.    DISCUSSION

#### A.    Spoilation

The City asserts that spoliation did not occur because the ESI, the 911 audio, has been "replaced" by other discovery, the CAD log and MDT data. *See* Dkt. # 29 at 3–4. Plaintiff responds, arguing that other discovery is insufficient because the 911 audio "preserves the caller's exact words, tone, and urgency" which is important because Defendant's case hinges on whether there was "immediate danger" warranting the officer's conduct. Dkt. # 33 at 2.

Under Rule 37(e), a party seeking sanctions for spoliation of ESI bears the burden of proof, *see Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015), and must show, at a minimum, that (i) the evidence at issue qualifies as ESI, (ii) the ESI is "lost" and "cannot be restored or replaced through additional discovery," (iii) the offending party "failed to take reasonable steps to preserve" the ESI, and (iv) the offending party was under a duty to preserve it. *Gaina v. Northridge Hosp. Med. Ctr.*, No. 18-cv-177, 2019 WL 1751825, at *2–3 (C.D. Cal. Feb. 25, 2019). If these four criteria are met and the Court determines that the moving party is prejudiced from the "loss of the information," the Court may "order measures no greater than necessary to cure the prejudice." *See* Fed. R. Civ. P. 37(e)(1).

For this initial burden, the parties only dispute whether the 911 audio is "lost" and "cannot be restored or replaced through additional discovery[.]" *See id.* at *2–3; *see also* Dkt. # 29 at 3–4; Dkt. # 33 at 2–4. The Court agrees with Plaintiff that the content of the 911 and dispatch calls is relevant to this case, and other discoverable evidence is not sufficiently adequate to consider it a replacement required by Rule 37(e). There is no contention that there are copies of the 911 audio or there is any way to restore the evidence. *See generally* Dkts. # 24, 29, 33. Further discovery would not replace the missing recordings because the only entities that had control over the recordings deleted them. *See Morehead v. City of Oxnard*, No. 21-cv-07689, 2023 WL 8143973, at *9 (C.D. Cal. Oct. 4, 2023) (finding that deleted 911 recordings could not be cured by further discovery "because the only entities that had control over the recordings deleted them"). Here, the content of the 911 call has not been substituted by other discovery, therefore this factor supports a finding of spoliation under Rule 37(e). As the other factors are undisputed, the Court finds that the City spoliated the 911 audio recordings.

**B.    Applicability of Sanctions**

After finding that spoilation has occurred, the Court must consider prejudice and intent when deciding the appropriateness of sanctions.  A court will consider whether "there is 'prejudice to another party from [the loss] of the ESI'" such that imposing sanctions is justified.  *Porter v. City & Cnty. of San Francisco*, No. 16-cv-03771, 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018) (quoting Fed. R. Civ. P. 37(e)(1)).  Additionally, a court must find the spoiling party acted with the requisite "intent to deprive another party of the information's use in the litigation" in order to impose sanctions.  *See* Fed. R. Civ. P. 37(e).

**a.  Prejudice**

The City contends that Plaintiff is not prejudiced by the deletion of the 911 audio because it is not "directly relevant" or "necessary to support" Plaintiff's claims.  Dkt. # 29 at 5.  Plaintiff asserts that the loss of the 911 audio is prejudicial because the content of the audio "is critical to the justification of the officers' actions" and directly relates to her Fourth Amendment claims.  Dkt. # 24 at 12.

A party is prejudiced when the spoliating party's actions impair the "non-spoliating party's ability to go to trial" or threaten to "interfere with the rightful decision of the case."  *Leon*, 464 F.3d at 959 (citation omitted).  The Ninth Circuit has found prejudice where a party's refusal to provide certain documents would force a party "to rely on incomplete and spotty evidence" at trial.  *Anheuser–Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995).  "Although [Rule] 37(e) does not place the burden of proving or disproving prejudice on either party, if spoliation is proven, the burden shifts to the spoliating party to prove the lost information is not prejudicial."  *See Youngevity Int'l v. Smith*, No. 16-cv-704, 2020 WL 7048687, at *3 (S.D. Cal. July 28, 2020) (citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment).

The Court finds that the loss of this evidence prejudices Plaintiff's ability to litigate her Fourth Amendment claims at trial. The content and context of the 911 audio calls is relevant to the case's central issue of whether the officers' conduct was reasonable. *Morehead*, 2023 WL 8143973, at *10 (finding destroyed 911 audio in an excessive force lawsuit was "contemporaneous evidence" that prejudiced plaintiff's "ability to demonstrate what exactly [the officers'] knew at the time they arrived at her home" which was needed to determine the reasonableness of the officers' conduct). The absence of this contextual information prejudices Plaintiff's ability to demonstrate that Defendants in this matter acted unreasonably and in violation of her constitutional rights.

### a. Intent

The City contends because it did not purposefully destroy the 911 audio, it did not act with the "intent to deprive" for the purpose of imposing sanctions under Rule 37(e)(2). *See* Dkt. # 29 at 5–7. Plaintiff argues the City failed to preserve critical evidence and to address Plaintiff's facts offered in support of the Motion, which shows "a deliberate disregard for preservation obligations" sufficient to demonstrate the requisite intent to warrant sanctions. *See* Dkt. # 33 at 4–7.

Rule 37(e) creates a "uniform standard in federal court" and rejects the notion that, when ESI is spoliated, adverse-inference instructions may be predicated on a finding of mere negligence or gross negligence, as opposed to an "intent to deprive another party of the information's use in the litigation." *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Whether the offending party "acted with the intent to deprive" the moving party "of the information's use in the litigation," *see* Fed. R. Civ. P. 37(e)(2), is a question for the court. *See Mannion v. Ameri-Can Freight Sys. Inc.*, No. 17-cv-03262, 2020 WL 417492, at *4 (D. Ariz. Jan. 27, 2020) (explaining that judges make discovery-related factual findings). For the purposes of Rule 37(e), intent can be proven

through direct or circumstantial evidence.  *See Estate of Hill*, 2022 WL 1464830, at *12 ("Courts have found the requisite 'intent to deprive' when a litigant fails to provide a credible explanation for departing from standard operating procedure and intentionally failing to preserve ESI."); *see also Colonies Partners, L.P. v. Cnty. of San Bernadino*, No. 18-cv-00420, 2020 WL 1496444, at *11 (C.D. Cal. Feb. 27, 2020) (noting that courts "consider the timing of the document loss when evaluating intent").  "The Ninth Circuit has not set forth a specific standard of proof, but district courts in this Circuit apply a preponderance of the evidence standard in making findings to determine whether to impose spoliation sanctions under Rule 37(e)."  *Morehead*, 2023 WL 8143973, at *4 (collecting cases).

The City's limited evidence and purported "credible explanation of why and how the 911 audio was deleted," Dkt. # 29 at 7, is insufficient to overcome Plaintiff's proof provided to show intent.  Plaintiff provided the Court with ample circumstantial evidence to support that the police officials recognized the likelihood of civil litigation over the incident, that the 911 audio was subject to a public records request, and there was substantial opportunity to preserve the audio.  *See* Dkt. # 25, Exs. 6, 7, 9–10, 16.  The Court need not find that the City took calculated, proactive steps to destroy the evidence to infer the requisite intent.  *See Bungie, Inc. v. AimJunkies.com*, No. 21-cv-0811, 2023 WL 7184427, at *8 (W.D. Wash. Nov. 1, 2023) (noting "failing to take reasonable steps after a duty to preserve evidence arose is enough to infer an intent to deprive").  Here, the preponderance of the information before the Court demonstrates the City failed to take reasonable steps to preserve the recordings, which supports a conclusion that the City acted with the requisite intent to impose a severe sanction under Rule 37.

### C.     Appropriate Sanction

Plaintiff argues that the Court should sanction the City by imposing a mandatory or permissive jury instruction. *See* Dkt. # 24 at 2.  Respectively, these instructions would require the jury to presume, or allow the jury to infer, that the spoliated 911 audio recordings would have been unfavorable to the City. *See id.*  The City contends sanctions are not appropriate, and it does not propose an alternative sanction for the Court to consider. *See generally* Dkt. # 29.

Where the Court finds that a spoliating party acted with the requisite intent, Rule 37(e)(2) permits the imposition of severe sanctions.  "[A] court must consider five factors: (i) the public's interest in expeditious resolution of litigation," (ii) the court's need to manage its docket, (iii) the risk of prejudice to the party seeking sanctions, (iv) the public policy favoring disposition of cases on their merit, and (v) the availability of less drastic sanctions," when evaluating whether terminating sanctions are appropriate. *Hunters Cap., LLC v. City of Seattle*, No. 20-cv-0983, 2023 WL 184208, at *10 (W.D. Wash. Jan. 13, 2023) (internal quotations omitted) (citing *Colonies Partners*, 2020 WL 1496444, at *11).

Considering all of the relevant factors, the Court concludes that the lesser sanction of a permissive jury instruction is sufficient to remedy prejudice Plaintiff experienced from the spoliation of evidence.  This sanction allows the case to proceed to trial and be resolved substantively on the merits, while also curing the fact that the spoliation forces Plaintiff to rely on incomplete evidence.  The Court will therefore instruct the jury at trial that it may presume that the 911 recordings deleted, destroyed, or otherwise rendered inaccessible were unfavorable to the City.  Further, the Court will allow Plaintiff to present evidence of the City's spoliation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## V.    CONCLUSION

For the above reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion.  Dkt. # 24.  The Court will instruct the jury that it may presume that the 911 audio was unfavorable to the City, and Plaintiff will be allowed to present evidence and argument at trial regarding the City's failure to preserve this evidence.


Dated this 25th day of April, 2025



The Honorable Richard A. Jones
United States District Judge