HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELISABETH REHN, an individual,

          Plaintiff,

    v.

CITY OF SEATTLE, a lawful
municipal corporation in the State of
Washington; RILEY CAULFIELD;
YOUNGHUN KIM; SETH
WAGNER; JOHN DUUS; AND
JASON DRUMMOND,

          Defendants.

Case No.  2:23-cv-01609-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, Dkt. # 57, Defendants' Motion to Stay or Continue Trial, Dkt. # 62, Plaintiff's Motion to Certify Appeal Frivolous, Dkt. # 64, and Defendants' Motion to Permit Response to Plaintiff's Supplemental Filing, Dkt. # 70.  The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay or Continue Trial and **DENIES** the remaining motions.

## II.    BACKGROUND

This case arises from officers Riley Caufield, Younghun Kim, and Seth Wagner's (the "Officer Defendants") mistaken entry into Plaintiff Elisabeth Rehn's apartment. The specific facts are set out in more detail in the Court's July 1, 2025 order. *See* Dkt. # 56. In that order, the Court granted Defendants' motion to exclude the testimony of Ms. Rehn's police practices expert, Sue Peters. *Id.* at 5–8. The Court also granted in part and denied in part Defendants' motion for summary judgment, including denying Defendants' motion based on qualified immunity. *Id.* at 16–17. Defendants timely appealed the denial of qualified immunity. Dkt. # 59. The trial in this case is currently set for February 9, 2026. Dkt. # 55.

Currently before the Court are several motions resulting from the July 1, 2025 order. First, on July 15, 2025, Ms. Rehn filed a motion to reconsider the Court's order excluding Ms. Peters's expert testimony. Dkt. # 57. Second, on August 12, 2025, Defendants filed a motion to stay or continue the trial pending resolution of their appeal. Dkt. # 62. Third, on August 19, 2025, Ms. Rehn filed a motion to certify Defendants' appeal as frivolous. Dkt. # 64. Fourth, on October 16, 2025, Defendants filed a motion for leave to respond to Ms. Rehn's supplemental filing. Dkt. # 70. The supplemental filing attached a copy of Defendants' opening brief filed in the Ninth Circuit Court of Appeals. Dkt. # 69.

## III.    DISCUSSION

### A.    Motion for Reconsideration

Ms. Rehn argues the Court's order excluding Ms. Peters's expert testimony constitutes manifest error because it misapplied Federal Rule of Evidence 702, *Daubert*, and other cases interpreting *Daubert* in the context of non-scientific experts. Dkt. # 57.

Defendants argue the Court "properly excluded Ms. Peters because she failed to satisfy the reliability requirement when she did 'not explain how her knowledge or experience supports her stated opinions.'" Dkt. 60 at 3 (quoting Dkt. # 56).

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "The term 'manifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Gaskill v. Travelers Ins. Co.*, No. 11-cv-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Much of Ms. Rehn's arguments appear to conflate reliability (the basis for the Court's order excluding Ms. Peters) with relevance and qualification. For example, Ms. Rehn argues Federal Rule of Evidence 702 is "primarily about relevance, not methodology" and that the Court "discount[ed] Ms. Peters's 29 years of experience." Dkt. # 57 at 4. The very cases cited by Ms. Rehn confirm, however, that reliability is a distinct and necessary requirement for admission of expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (stating Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."); *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) ("A district court must distinguish an expert's *qualifications* from the *reliability* of the expert's principles and methods.") (emphasis in original). While Ms. Rehn is correct that an expert may testify based on personal knowledge and experience, the trial court must nevertheless assess the reliability of that expert's opinion by considering factors such as "whether the expert's experience supports the expert's

1    conclusions; whether the expert's reasoning is circular, speculative, or otherwise flawed;

2    or whether the expert's reasoning is adequately explained." *Holquin*, 51 F.4th 841 at 855

3    (internal citations omitted).

4         The Court found Ms. Peters's expert report "does not satisfy the reliability

5    requirement of Evidence Rule 702 because it does not explain how her knowledge or

6    experience supports her stated opinions." Dkt. # 56 at 7. Critically, Ms. Peters's expert

7    opinion centers on the Officer Defendants' alleged failure to engage in "necessary

8    investigative steps" and "basic police practices of address verification," but her report

9    never explains her own knowledge or experience with police address verification. *Id.*

10   The Court therefore cannot determine that her knowledge or experience reliably supports

11   her conclusions. This was an accurate application of the trial court's gate-keeping role

12   under Rule 702, *Daubert*, and its progeny, and was not manifest error.

13        Ms. Rehn is also incorrect that the Court excluded Ms. Peters's opinions "solely

14   because she did not analyze 'relevant policy, training, or best practices.'" Dkt. # 57 at 4.

15   As explained above and in the Court's order, the Court excluded Ms. Peters's opinions

16   because she failed to provide any connection between her law enforcement experience

17   (primarily as a major crimes detective) and her opinion that Defendants failed to engage

18   in proper address verification protocol when responding to a 911 call. Discussing

19   relevant policy, training, or best practices was only one of many ways Ms. Peters could

20   have satisfied the reliability requirement of Rule 702. The ultimate issue was that Ms.

21   Peters provided no foundation to link her expertise to her opinions in this case.

22        **B.    Motion to Stay and Motion to Certify Appeal Frivolous**

23        Next, Defendants ask the Court to stay or continue the current February 9, 2026

24   trial date pending resolution of their appeal to the Ninth Circuit. Dkt. # 62. Defendants

25   argue it is an inefficient use of judicial resources to proceed with the currently scheduled

26

1    trial while the issue of qualified immunity is on appeal. *Id.* Ms. Rehn responds that she

2    "agrees that a stay should be granted if the Court of Appeals accepts jurisdiction over the

3    individual defendants' interlocutory appeals." Dkt. # 63 at 2. She argues, however, that

4    the Ninth Circuit will not accept jurisdiction because Defendants' appeal is frivolous. *Id.*

5    Ms. Rehn separately filed a motion asking this Court to certify that the appeal is frivolous.

6    Dkt. # 64.

7        In qualified immunity cases, appellate courts "typically have jurisdiction over

8    interlocutory appeals from the denial of summary judgment." *Estate of Anderson v.*

9    *Marsh*, 985 F.3d 726, 730 (9th Cir. 2021). The scope of appellate review in such cases

10   is limited. *Id.* "Any portion of a district court's summary judgment order that, though

11   entered in a qualified immunity case, determines only a question of evidence sufficiency,

12   *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is not appealable."

13   *Id.* at 730–31 (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)) (internal quotation

14   marks omitted). In contrast, appellate courts "may properly review a denial of qualified

15   immunity where a defendant argues . . . that the facts, even when considered in the light

16   most favorable to the plaintiff, show no violation of a constitutional right, or no violation

17   of a right that is clearly established in law." *Ames v. King County*, 846 F.3d 340, 347

18   (9th Cir. 2017).

19        When defendants appeal a denial of qualified immunity and the "district court

20   find[s] that the defendants' claim of qualified immunity is frivolous or has been waived,

21   the district court may certify, in writing, that defendants have forfeited their right to

22   pretrial appeal, and may proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th

23   Cir. 1992). "An appeal is frivolous 'when the result is obvious or the appellant's

24   arguments are wholly without merit.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796

25

26

1   F.3d 1004, 1007 (9th Cir. 2015) (quoting *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61

2   (9th Cir. 1989)).

3          Here, Defendants' appeal is properly limited to legal questions related to the denial

4   of qualified immunity, and is not frivolous.  Defendants argue "the Court and Plaintiff

5   defined the breadth of the Fourth Amendment right at issue too broadly" and there is no

6   clearly established law that prohibited the Officer Defendants' entry into Ms. Rehn's

7   home under the circumstances.  Dkt. # 65 at 2.  Interpretation of the scope of the Fourth

8   Amendment right at issue and whether there was clearly established law governing the

9   defendants' actions are appropriate questions of law for an interlocutory appeal.  *See*

10  *Ames*, 846 F.3d at 347.  Defendants also argue that "in denying the Officer Defendants'

11  qualified immunity at summary judgment, the Court did not examine the constitutional

12  liability for each individual officer."  Dkt. # 65 at 2–3.  Whether the trial court followed

13  the correct analytical framework in assessing qualified immunity likewise presents a legal

14  question that can be addressed on an interlocutory appeal.  *See Cunningham v. Gates*,

15  229 F.3d 1271 (9th Cir. 2000) (finding district court's analysis "fell short of the fact-

16  intensive inquiry" required by qualified immunity precedent).  Moreover, based on a

17  review of Defendants' response brief, the Court finds that Defendants' arguments on

18  appeal are made in good faith and are not frivolous.  Ms. Rehn's arguments to the contrary

19  go to the ultimate merits of Defendants' appeal, but does not establish that the appeal is

20  unfounded.  Accordingly, the Court denies Ms. Rehn's motion to certify the appeal as

21  frivolous.

22         Turning to Defendants' motion to stay, Ms. Rehn's response to that motion states

23  she "agrees that a stay should be granted if the Court of Appeals accepts jurisdiction over

24  the individual defendants' interlocutory appeals."  Dkt. # 63 at 2.  Ms. Rehn's only

25  argument that the Court of Appeals would decline jurisdiction is that the appeal is

26

ORDER - 6

1    frivolous.  Because the Court does not find the appeal frivolous, and because it agrees

2    with Defendants that a stay will promote efficient use of judicial resources, the Court

3    grants Defendants' motion to stay.

4         Finally, Ms. Rehn filed a notice of supplemental authority attaching a copy of

5    Defendant's opening brief filed on appeal.  Dkt. # 69.  Defendants filed a motion to permit

6    a response to this supplemental filing.  Dkt. # 70.  Because the Court finds Defendants'

7    motion to stay and Ms. Rehn's motion to certify may be resolved without additional

8    briefing, the Court denies the motion to permit a response as moot.

9                              **IV.    CONCLUSION**

10        For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Stay or

11   Continue Trial, Dkt. # 62, and **ORDERS** that the trial date and all remaining pretrial

12   deadlines are **STAYED** pending disposition of the appeal before the Ninth Circuit Court

13   of Appeals.  The Court **DENIES** Plaintiff's Motion for Reconsideration, Dkt. # 57,

14   Plaintiff's Motion to Certify Appeal Frivolous, Dkt. # 64, and Defendants' Motion to

15   Permit Response to Plaintiff's Supplemental Filing, Dkt. # 70.

16

17        Dated this 28th day of October, 2025.

18

19

20                                   The Honorable Richard A. Jones
                                     United States District Judge
21

22

23

24

25

26

ORDER - 7